UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT LYNN BRAGG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:06CV732 RWS |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by Petitioner Scott Bragg. I referred this matter to United States Magistrate Judge Thomas C. Mummert, III for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 10, 2009, Judge Mummert filed his recommendation that Bragg's habeas petition should be denied.

Bragg timely filed objections to the Report and Recommendation and objects to the recommendation that habeas relief be denied. Bragg's objections predominately adopt or restate the arguments Bragg raised in his previous filings in this matter.

A federal court review of habeas petitions brought by state-court prisoners is strictly limited. Taylor v. Roper, 561 F.3d 859, 862 (8th Cir. 2009). Under the Anti-Terrorism and Effective Death Penalty Act federal courts are directed to perform a deferential and limited review of underlying state court decisions. Id. The federal court does not perform a *de novo* review of a petitioner's claims presented to state courts. Rather, the federal court shall not grant habeas relief on any claim that was adjudicated on the merits in state court unless the

adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addition, claims in a habeas petition "that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." Id.

In the present matter Judge Mummert concluded that the state court decisions on grounds one, two, eight, nine, and ten of Bragg's habeas petition did not merit habeas relief. Judge Mummert concluded that Bragg's grounds three through seven were procedurally defaulted and that none of the exceptions to that default applied in this case.

I have conducted a de novo review of all of Bragg's objections which encompass all of Bragg's grounds for relief. I find that Judge Mummert correctly analyzed Bragg's grounds for relief and correctly applied the law in reaching his recommendation.

After careful consideration, I will adopt and sustain the thorough reasoning of Judge Mummert and will deny Bragg's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial

showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  Because petitioner has not made such a showing in this case, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on August 10, 2009 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Scott Bragg's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2009.